IüLOTTINGER, Chief Judge.
CYTEC Industries, Inc. (CYTEC), operates its Fortier Plant integrated chemical manufacturing facility near Westwego, Louisiana. CYTEC disposes of certain hazardous wastes from its manufacturing activities into five deep injection wells located on the plant site.
APPLICABLE LAW AND FACTS
In 1984, the Louisiana Legislature enacted La.R.S. 30:2193, formerly La.R.S. 30.1141.1. The legislature determined that Louisiana is particularly ill-suited for land disposal of hazardous waste and that past land disposal methods have been inadequate to insure the health of the citizens of the state and the integrity of the environment and to maintain the water resources. The purpose of La.R.S. 30:2193 is to encourage alternative methods of hazardous waste disposal; to lessen the possibility.of hazardous waste releases from existing sites; and to provide for the eventual prohibition of land disposal of hazardous waste. Effective June 1, 1992, La.R.S. 30:2193(E) prohibits land disposal of hazardous wastes, except under certain limited circumstances. An applicant for an exemption from the land ban statute bears the burden of proving the six statutory factors that would qualify it for consideration for an exemption. La.R.S. SOáigSCE).[1]
In May of 1990, CYTEC submitted a petition for exemption from the land ban statute for the five injection wells located at its Fortier Plant. The Louisiana Department of Environmental Quality (DEQ), approved CY-TEC’s petition for exemption in a letter dated May 6, 1994. Attached to the letter were seven conditions Cytec was required to meet and the DEQ’s brief responses to eight issues raised during the public comment period.
Delta Greens, Gulf Coast Tenants Organization, Jefferson Parish Civic League, Louisiana Coalition for Tax Justice, Louisiana Environmental Action Network and Southern Christian Leadership Conference (Citizens), appeal the DEQ’s decision to grant CYTEC an |8exemption from the land ban statute. Citizens raised six specific assignments of error.[2]
*181 ADEQUACY OF DEQ’S DECISION
Although the adequacy of DEQ’s final decision was not raised as a specific assignment of error we may address this issue when necessary to fuifiU our constitutional duty to protect the environment. In the Matter of Rubicon, 95-0108, p. 9 (La.App. 1st Cir. 2/14/96); 670 So.2d 475. To fulfill this duty, we must review final decisions of the DEQ to ensure that they comport with applicable constitutional, statutory and regulatory requirements. Id.
The Louisiana Supreme Court mandates that when reaching a final decision, the DEQ “is required to make basic findings supported by evidence and ultimate findings which flow rationally from the basic findings; and it must articulate a rational connection between the facts found and the order issued.” In the Matter of American Waste and Pollution Control Company, 93-3163, p. 18-19 (La. 9/15/94); 642 So.2d 1258, 1266 (quoting Save Ourselves); Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1159 (La.1984). It is only by detailing its reasoning that the DEQ upholds its position as public trustee and justifies the discretion with which it is entrusted by constitutional and statutory authority in a contested environmental matter. American Waste, 642 So.2d at 1266.
In Rubicon, this court concluded, in an en banc decision, that the DEQ’s letter granting an exemption petition to Rubicon with attached conditions and responses to public comments was insufficient to satisfy the requirements of Save Ourselves and American Waste. Just as the letter and its attachments were insufficient in Rubicon, the May 6, 1994 letter notifying Cytec that its permit had been granted with the attached conditions and responses to public comments also falls far short of what Save Ourselves and American Waste call for. See Rubicon, 95-0108 at p. 11, 670 So.2d at 482. The DEQ’s letter granting Cytec its exemption is an inadequate final decision because it does not contain basic findings supported by evidence and ultimate findings |4which flow rationally from the basic findings nor does it articulate a rational connection between the facts found and the exemption issued.
CONCLUSION
Accordingly, the May 6, 1994 approval of Cytec’s petition for an exemption from the land disposal restrictions is vacated and set aside; this action is remanded to the DEQ for issuance of a final decision consistent with the standard enunciated by this court in Rubicon.
VACATED AND REMANDED.
FITZSIMMONS, J., concurs and assigns reasons.

. Any person seeking an exemption from the land ban must prove:
(a) The best available technology cannot further reduce the toxicily, corrosiveness, virulent or infectious character, or volume of the hazardous waste.
(b) The waste cannot be further reduced through production modifications.
(c) The waste or specific constituents of the waste cannot be reclaimed and reused.
(d) The waste can be permanently confined within a department-approved hazardous waste containment system.
(e) The land disposal of the hazardous waste does not and will not endanger public health or the environment.
(f) No reasonable alternative exists to the injection of hazardous waste in an injection well. La.R.S. 30:2193(E)(2).

. The six assignments of error are:
1) The DEQ violated its duty as public trustee of the environment.
2) The exemption violates the Louisiana Constitution, the Environmental Quality Act and the DEQ's Hazardous Waste Regulations.
3) The DEQ’s decision to grant the exemption was arbitrary and capricious, manifestly erroneous and characterized by an abuse of discretion.
4) The DEQ failed to adequately consider the potential hazards associated with not requiring Cytec to monitor the first aquifer overlying the confining zone.
5) The DEQ failed to require Cytec to show that the monitoring requirements of L.A.C. 33:V.2242(N)(2)(c) are either unnecessary, unfeasible or pose undue risks.
6) The DEQ failed to follow the policy enunciated in La.R.S. 30:2193.